UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 18-10059-CIV-MARTINEZ-OTAZO-REYES

AESTHETIC ASSOCIATES, INC., PS, d/b/a
THE SEATTLE FACIAL PLASTIC SURGERY
CENTER,

    Plaintiff,

vs.

KEY WEST INSTITUTE FOR PLASTIC
SURGERY, INC. and SCOTT J. LOESSIN, M.D.,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

THIS MATTER is before the Court on Defendants Key West Institute for Plastic Surgery ("Key West") and Scott J. Loessin, M.D.'s ("Dr. Loessin") (collectively, "Defendants") Motion to Dismiss [ECF No. 25], Plaintiff Aesthetic Associates, Inc. PS' ("Plaintiff") response in opposition thereto [ECF No. 28] and Defendants' reply in further support [ECF No. 29]. For the reasons stated below, Defendants' Motion to Dismiss is denied. However, the Court grants Plaintiff leave to amend Count II by interlineation to reflect the proper owner of the copyright at issue.

### I.    BACKGROUND

Plaintiff, whose principal is William A. Portuese ("Dr. Portuese"), brings this action against Defendants for willful misappropriation of copyrighted before-and-after patient images and false advertising in passing off Dr. Portuese's surgical results as their own [ECF No. 1 ¶ 1]. As alleged, Dr. Portuese is one of the country's leading facial plastic surgeons. *Id.* ¶ 16. Dr. Portuese primarily attracts new patients by reputation and by displaying before-and-after

photographs of his patients on his websites. *Id.* ¶ 19. In September 2016, Dr. Portuese performed a rhinoplasty on a patient. *Id.* ¶ 24. This patient agreed to be photographed before and after the procedure and consented to allowing Dr. Portuese to post said before-and-after photographs on his websites. *Id.* The photographs were registered with the Register of Copyrights on October 7, 2016 as Registration Number VAu 1-276-461. *Id.* ¶ 26 (and attached as Ex. B. to Plaintiff's Complaint). Dr. Portuese posted the before-and-after photographs of his patient on his websites. *Id.* ¶ 27.

Defendants have since posted the same before-and-after patient photographs on their social media accounts. *Id.* ¶ 28 (screenshots attached to Plaintiff's Complaint as Exs. C-1 though C-4). The photographs are displayed on Defendants' social media accounts in a manner that attempts to pass off Dr. Portuese's surgical results as those of Defendants. *Id.* ¶ 29. Plaintiff alleges that Dr. Loessin intentionally caused the photographs to be displayed on Defendants' social media accounts, knowing that the photographs displayed the work of Dr. Portuese and not work performed by Dr. Loessin. *Id.* ¶ 30. Plaintiff further alleges that Dr. Loessin displays the patient photographs for the express purpose of deceiving potential patients into thinking that Dr. Loessin performed the plastic surgery displayed in the before-and-after photographs. *Id.* ¶ 31.[1]

Plaintiff brings the following three counts against Defendants: Count I – Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) ("Lanham Act"); Count II – Copyright Infringement in violation of 17 U.S.C. § 501 et seq.; and Count III – Violation of Integrity of Copyright Management Information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. [ECF No. 1]. Defendants move to dismiss Counts I and II of Plaintiff's Complaint

---

[1] Plaintiff has attached to the Complaint screenshots of its patients' before-and-after images found on Defendants' websites. The screenshots include text which Plaintiff alleges are misrepresentations of fact that cause confusion and deceive the public into believing that Defendants performed the surgery and obtained the surgical results depicted in the photographs. [ECF No. 1 at Ex. C1 through C4].

- 2 -

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted [ECF No. 25 at 1].

**II.     STANDARD**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief can be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

### III. ANALYSIS

#### a. Violation of Lanham Act (Count I)

Defendants argue that Count I fails to state a cause of action as a matter of law because misappropriation of a copyrightable work is not actionable under Section 43(a) of the Lanham Act; rather, the claim must be brought as a claim for copyright infringement and is therefore duplicative of Count II [ECF No. 25 at 2]. In response, Plaintiff argues that there is a distinction in the law between simply copying a copyrighted work, versus using an image to deceive the public [ECF No. 28 at 1]. The former is copyright infringement, and the latter is false advertising in violation of the Lanham Act. *Id.* Plaintiff argues that because Defendants are using the copyrighted before-and-after images and intentionally including misrepresentations of fact to deceive the public as to Dr. Loessin's surgical services and outcomes, Plaintiff's Lanham Act claim is well-pled. *Id.* at 1-2. This Court agrees with Plaintiff.

The Lanham Act prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" that is likely to cause "confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1). To establish a claim under this section of the Lanham Act, known as "reverse passing off," a plaintiff must show: (1) "the item at issue originated with the plaintiff; (2) the defendant falsely designated the origin of the work; (3) the false designation was likely to cause consumer confusion [or deceive the public]; and (4) the plaintiff was harmed by the defendant's false designation." *Barrocos of Florida v. Elmassian*,

Case No. 11-22393, 2011 WL 13223913, * 4 (S.D. Fla. Sept. 28, 2011) (quoting *Portionpac Chem. Corp. v. Sanitech Sys., Inc.*, 217 F.Supp.2d 1238, 1251 (M.D. Fla. 2002)).

In support of its Lanham Act claim, Plaintiff alleges that: (a) Defendants have posted Plaintiff's copyrighted patient photographs on its website without Plaintiff's permission (b) with false representations of fact (c) in a manner likely to cause confusion and deceive the public into believing Dr. Loessin performed the surgery depicted in the before-and-after patient photographs and that he can obtain those results. In alleging that Defendants willfully posted Plaintiff's copyrighted photographs on their websites, while including intentional misrepresentations of fact in a manner likely to cause confusion and deceive the public as to Dr. Loessin's surgical services/results, the Complaint adequately alleges a claim for reverse passing off under the Lanham Act. *See Barrocos*, 2011 WL 13223913, * 4 (describing reverse passing off under Lanham Act).

The Court rejects Defendants argument that Plaintiff's Lanham Act claim amounts to no more than a claim for copyright infringement. Defendants are correct that courts must dismiss Lanham Act claims that amount to no more than a claim for copyright infringement, without any additional elements of unfair competition. *Id.* at * 5. However, Defendants' argument is belied by the allegations in Plaintiff's Complaint. A review of Count I makes clear that it is not based solely upon allegations of unattributed copying, but also upon additional allegations of consumer deceit – the willful inclusion by Defendants of intentional misrepresentations of fact intended to cause confusion and deceive the public as to Dr. Loessin's surgical results/services.

Plaintiff's reliance on *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) and *Tecnoglass, LLC v. RC Home Showcase, Inc.*, 301 F.Supp.3d 1267 (2017) is unavailing. *Dastar* is distinguishable from the present case because the present case does not

involve an expired copyright and because Defendants here did not manufacture the photograph at issue. Moreover, *Dastar* interpreted the meaning of origin of goods for reverse passing off claims under Section 43(a), which is not implicated here. Simply put, *Dastar* does not address the circumstances presented in this case. *Tecnoglass* is similarly distinguishable. In *Tecnoglass*, the Court found that the Lanham Act claim fails because:

> Tecnoglass's claim amounts to no more than that RC Home misrepresented to Miami-Dade County that the technical drawings were its own. Tecnoglass's additional allegations regarding consumer confusion fail because the alleged consumer confusion results from **similarly sounding product names – not any false representations, or designation by RC**.

*Tecnoglass*, 301 F.Supp.3d at 1275 (emphasis added). Here, Plaintiff's allegations go beyond those of *Tecnoglass*; Plaintiff has alleged false representations of fact by Defendants likely to cause confusion and deceive the public as to Dr. Loessin's surgical results/services.

For the foregoing reasons, at this stage in the proceedings, Plaintiff has sufficiently alleged a cause of action under the Lanham Act. *See Barrocos,* 2011 WL 13223913; *see also Phoenix Entm't Partners, LLC v. Aguayo,* Case No. 16-cv-449, 2016 WL 9526665, *4 (M.D. Fla. Oct. 23, 2016) ("At this stage in the proceedings, the Court finds that the unauthorized display of Plaintiff's marks in combination with potential consumer confusion sufficiently alleges a cause of action under the Lanham Act."). Accordingly, Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is denied.

### b. Copyright Infringement (Count II)

Defendants argue that Count II must be dismissed because Plaintiff alleges that a non-party, Dr. Portuese, owns the copyright at issue and only the owner of a copyright has standing to bring a clam for copyright infringement. Because Aesthetic Associates is the named Plaintiff and not

- 7 -

Dr. Portuese, Count II must be dismissed.[2] In response, Plaintiff concedes that it omitted key words from Count II, thereby created an ambiguity. However, Plaintiff directs the Court to Exhibit B of the Complaint – the copyright at issue – that clearly identifies Aesthetic Associates as the holder of the copyright. Plaintiff argues that it therefore possesses standing to sue for copyright infringement.

Where there is a conflict between allegations in a pleading and exhibits thereto, it is well-settled that the exhibits control. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2011). Moreover, "[s]ubject to the discretion of the court, and in the absence of a statute or rule of court providing otherwise, amendment by interlineation is considered permissible, particularly in the case of an amendment of a trivial or formal nature." *Woodburn v. State of Florida Dep't of Children and Family Servs., et al.*, 854 F.Supp.2d 1184, 1210 (S.D. Fla. 2011) (quoting 71 C.J.S. Pleading § 437 (2011)). Plaintiff's clerical error in omitting key words and substituting Dr. Portuese's name for that of the clinic is an example of such a formal error. It would go against the interests of the parties and this Court to require Plaintiff to replead the entire Complaint on the basis of such an error, particularly when the proper owner of the copyright at issue is correctly identified in an exhibit to the Complaint and is clear to both the parties and this Court. Thus, Defendants' Motion to Dismiss Count II for lack of standing is denied. In lieu of such dismissal, this Court hereby grants Plaintiff leave to amend the Complaint by interlineation, reflecting the proper owner of the copyright at issue in Count II.

For the foregoing reasons, after careful consideration, it is hereby:

---

[2] In doing so, Defendants state that they suspect that Count II's references to Dr. Portuese are typographical errors. [ECF No. 25 at 2 n. 1].

**ORDERED AND ADJUDGED** that

1. Defendants Key West Institute for Plastic Surgery and Scott J. Loessin, M.D.'s Motion to Dismiss [ECF No. 25] is **DENIED.**

2. Plaintiff is hereby granted leave to amend Count II of the Complaint by interlineation, reflecting the proper owner of the copyright at issue as indicated on Exhibit B to the Complaint. Plaintiff shall file a Corrected Complaint within **10 days** of the date of this Order. Defendants shall file an Answer within **14 days** of the filing of Plaintiff's Corrected Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of February, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record